PAUL E. DOHERTY, RELATOR, v. BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF HUDSON AND FRANK J. FARLEY, TREASURER OF THE COUNTY OF HUDSON, RESPONDENTS.

LEO ROSENBLUM, RELATOR, v. BOARD OF CHOSEN FREE-HOLDERS OF THE COUNTY OF HUDSON AND FRANK J. FARLEY, TREASURER OF THE COUNTY OF HUDSON, RESPONDENTS.

Argued October 5, 1943—Decided April 27, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the rules, *Leo Rosenblum.*

*Contra, J. Emil Walscheid.*

The opinion of the court was delivered by

HEHER, J.  Relators are members of the Hudson County Board of Taxation.  That tribunal invoked the intercession of the Governor with the Federal Commissioner of Internal Revenue for leave to inspect certain income tax returns for

information deemed essential to the administration of the state's tax laws, in accordance with *section* 55 (*b*) of the *Internal Revenue Code of* 1939; 53 *Stat.* 1; 26 *U. S. C. A.* § 55 (*b*). The Governor made the request, and the Commissioner acquiesced therein. Pursuant thereto, relators journeyed to Washington on March 25th, 1943, and examined some thirty-five income tax returns involving personal property of persons domiciled in the City of Jersey City. The information thereby revealed was later transmitted to the Board, and seemingly was used as the basis for certain changes in the tax books of the City of Jersey City, although it is denied that this constituted board action. It is pointed out by respondents that, while there is a "record of every change made in the assessment books of the City of Jersey City, there is no resolution for each of these thirty-five properties or cases." Each relator presented a bill for $24.70 for expenses incurred on the journey. These bills were approved by the Board's president and secretary *pro tem.*, pursuant to a resolution adopted by the Board on March 29th, 1943, and certified to the freeholders for payment. Payment was refused on the ground that the expenditures were made without warrant in the law; and writs of *mandamus* are now prayed on the theory that there is a peremptory duty of payment in the circumstances. We think this is so.

*R. S.* 54:3–31 commands the freeholders to "defray the actual traveling expenses of the members and secretary of the county board of taxation," and to "pay the bills therefor when attested by the president and secretary thereof." Thereby, the legislature laid an imperative duty upon the governing body—one that certainly involves no element of discretion where the action is plainly within the statute. Where the statutory condition is met, and there is no manifest excess or abuse of power, the freeholders' duty to make payment is absolute. Compare *Carrick* v. *Hudson County,* 126 *N. J. L.* 181. Such is the plain legislative design. We are not called upon to consider whether the certificate of approval of the Board's executive officers is in all respects conclusive, and the freeholders' duty is purely ministerial under any and all circumstances. There is no suggestion

that here the expenditures were made in bad faith, or were not in fact incurred, or were exorbitant or plainly beyond the demands of the occasion, or otherwise constituted a palpable perversion of the statutory authority.

It is said that *section* 54:3–31, *supra,* has reference merely to traveling expenses incurred "by the board as a board—by members of the board while acting as a board either under *R. S.* 54:3–15 or *R. S.* 54:3–17, 54:3–18, or under some other provision" of the act. But the section is not to be so narrowly read. *Section* 54:3–20, for example, enjoins the board to enter upon the local tax duplicate "a proper assessment against any property omitted by the assessor." See, also, *section* 54:3–15. And *section* 54:4–55 directs the board, on or before April 1st in each year, to correct, revise and complete the duplicates and certify them as "a true record of the taxes assessed" to the collectors of the several taxing districts. The construction thus contended for would run counter to the obvious reason and spirit of the statute, viewed as a whole—one that would ignore the considerations which the legislature undoubtedly had in contemplation as making for a practical administration of the act. The board is empowered to delegate to its members the inspection of these official records, not producible before the body itself in this state. It possesses such implied powers as may be reasonably necessary for the execution of those expressly granted. How the data thus secured is to be used is another question not now before us. Under the *Federal act, supra,* it is usable only for the administration of the state tax laws.

Nor is it conclusive of the invalidity of the expenditures that the information thus acquired, and the action taken thereon, were not made the subject of a written report by the inspecting members or of formal board action. Subsequent procedural informality and irregularity are not determinative of the validity of the initial action.

Let a peremptory writ of *mandamus* issue in each cause, with costs.